IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORETO PARADELA,

    Petitioner,               2: 07 - cv - 2757 - JAM TJB

  vs.

R. SUBIA, Warden,

    Respondent.          <u>ORDER, AMENDED FINDINGS AND</u>

                                      <u>RECOMMENDATIONS</u>

_____/

I.  INTRODUCTION

Petitioner, Loreto Paradela is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving a sentence of fifteen years to life imprisonment following his 1994 conviction for second degree murder. Petitioner challenges the October 10, 2006 decision of Governor Schwarzenegger reversing a grant of parole by the Board of Parole Hearings ("Board").  Petitioner presents a single claim for review; specifically that the Governor's decision and the California state court's subsequent review of that decision violated his "federal due process rights and did not comport with clearly established federal law, in that the decisions was contrary to, and an unreasonable application of, federal law and resulted in decisions that were unreasonable based on the facts presented."

1

(Pet'r's Pet. at p. 4.) For the following reasons, the petition should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

> Early in the morning of September 5, 1993, Loreto Paradela drove his motorcycle to Robert Bracamonte's house, where Mr. Paradela and others planned to party. Some time later, as the group was leaving, Mr. Bracamonte asked to ride Mr. Paradela's motorcycle, and Mr. Paradela agreed. Thomas Lagua, Mr. Paradela's friend, drove Mr. Paradela to Mr. Lagua's house while Mr. Bracamonte followed on motorcycle. At one point during the drive, Mr. Bracamonte unexpectedly "disappeared" for approximately 30 minutes to an hour, upsetting Mr. Paradela. Mr. Bracamonte and Mr. Paradela later met up at Mr. Lagua's house. Mr. Lagua then drove Mr. Paradela and Mr. Bracamonte back to Mr. Bracamonte's house.
>
> Along the way, Mr. Lagua stopped the car in a field to allow Mr. Paradela to urinate. When Mr. Paradela returned to the car, he pulled Mr. Bracamonte out of the car to fight. Mr. Paradela punched Mr. Bracamonte and then took out a knife and stabbed him approximately three times. Mr. Bracamonte ran into the field to get away from Mr. Paradela, but Mr. Paradela chased him down and continued stabbing him. Mr. Paradela then returned to the car and they drove away leaving Mr. Bracamonte in the field to die.

(Resp't's Answer, Ex. 1 at p. 84.)

Petitioner was convicted of second degree murder in 1994 and was sentenced to fifteen years to life imprisonment. On May 17, 2006, the Board conducted a subsequent hearing to determine Petitioner's suitability for parole. The Board determined that Petitioner would not pose an unreasonable risk of danger to society or a threat to public safety if released and thus concluded that he was suitable for parole.

On October 10, 2006, Governor Schwarzenegger reversed the Board's grant of parole. Petitioner challenged the Governor's reversal in the San Joaquin County Superior Court. That court denied his petition on March 12, 2007. The California Court of Appeal, Third District summarily denied Petitioner's state habeas petition as did the California Supreme Court.

---

[1] The factual background of the underlying criminal offense is taken from the Governor's October 10, 2006 decision reversing the Board's decision which had granted Petitioner parole. (See Resp't's Answer, Ex. 1 at p. 84-86.)

On September 10, 2010, the undersigned issued findings and recommendations that the federal habeas petition should be denied. In light of the recent United States Supreme Court case in Swarthout v. Cooke, No. 10-333, – S.Ct. –, 2011 WL 197627 (Jan. 24, 2011) (per curiam), the September 10, 2010 findings and recommendations is hereby vacated and replaced with this amended findings and recommendations.

### III. APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can only be granted for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a); see also Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). Under AEDPA, federal habeas corpus relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. 2254(d).

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer v. Andrande, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). "'[C]learly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision.'" Id. at 71-72. Under the unreasonable application clause, a federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." See Williams v. Taylor, 529 U.S. 362, 409 (2000). Thus, "a federal court may

not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1070 (9th Cir. 2003) ("While only the Supreme Court's precedents are binding . . . . and only those precedents need be reasonably applied, we may look for guidance to circuit precedents.").

The first step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review."  See Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). When more than one court adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).  In this case, the last reasoned state court opinion was from the San Joaquin Superior Court.

## IV.  ANALYSIS OF PETITIONER'S CLAIM

In Petitioner's sole claim for review, he argues that the Governor's decision and the California state court's subsequent review of that decision violated his federal due process rights by relying on Petitioner's commitment offense in determining that he was not suitable for parole as well as failing to consider "expert forensic evidence in the record documenting a low level of public threat." (Pet'r's Pet. at p. 4.)  Thus, Petitioner takes issue with the Governor's determination that Petitioner's release would pose an unreasonable risk of danger to society. (Resp't's Answer, Ex. 1 at p. 86.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989).

The full panoply of rights afforded a defendant in a criminal proceeding is not constitutionally mandated in the context of a parole proceeding. See Pedro v. Or. Parole Bd., 825 F.2d 1396, 1398-99 (9th Cir. 1987). The Supreme Court has held that a parole board's procedures are constitutionally adequate if the inmate is given an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979).

The landscape of a California state prisoner bringing a due process claim for a denial of parole has changed with the recent United States Supreme Court decision in Swarthout, 2011 WL 197627. Prior to Swarthout, the Ninth Circuit held that as a matter of state law, denial of parole to California inmates must be supported by at least "some evidence" demonstrating current dangerousness. See Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc). In its decision in Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010) rev'd by, Swarthout, 2011 WL 197627, the Ninth Circuit had held that "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of the state."

Swarthout reversed the Ninth Circuit in Cooke. The Supreme Court stated that regarding a California state prisoner's due process rights with respect to parole that:

> Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a state creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." Ibid.

Swarthout, 2011 WL 197627, at *2. The Supreme Court continued by explaining that, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the

5

petitioners] received, not whether the state court decided the case correctly." Id. at *3.

Pursuant to the decision in Swarthout, Petitioner is not entitled to federal habeas relief on his sole claim in this federal habeas petition. In this case, Petitioner was given an opportunity to be heard at his parole suitability hearing. He also was given a statement of reasons why parole was eventually denied by the Governor. As the Supreme Court stated in Greenholtz and reaffirmed in Swarthout, that is all that is required under the Federal Constitution. The fact that Petitioner was denied parole by the Governor rather than the Board also does not mean that Petitioner is entitled to federal habeas relief. One of the petitioners in Swarthout (Elijah Gray) had been found suitable for parole by the Board, but the Governor reversed. See 2011 WL 197627, at *2. Even though it was the Governor rather than the Board that found the petitioner unsuitable for parole, the United States Supreme Court made no distinction regarding the due process that was due to a petitioner under such circumstances. While Petitioner raises issues regarding whether the Governor acted properly in finding that Petitioner was "currently dangerous" under the relevant California parole regulations scheme, a federal habeas court should not reach that issue. As the Supreme Court recently held in Swarthout, "the only federal right at issue is procedural," and the relevant inquiry is the process that the petitioner received, not whether the state courts decided the case correctly. See 2011 WL 197627 at *3. Therefore, Petitioner's due process argument does not merit federal habeas relief under these circumstances.

## V.  CONCLUSION

For all of the foregoing reasons, IT IS HEREBY ORDERED that the September 10, 2010 Findings and Recommendations is VACATED.

IT IS HEREBY RECOMMENDED that Petitioner's application for writ of habeas corpus be DENIED.

This amended findings and recommendations is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with this amended findings and recommendations, any party may file

1  written objections with the court and serve a copy on all parties.  Such a document should be
2  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
3  objections shall be served and filed within seven days after service of the objections.  The parties
4  are advised that failure to file objections within the specified time may waive the right to appeal
5  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In any objections he
6  elects to file, petitioner may address whether a certificate of appealability should issue in the
7  event he elects to file an appeal from the judgment in this case.  *See* Rule 11, Federal Rules
8  Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability
9  when it enters a final order adverse to the applicant).

10 DATED:  January 31, 2011

                                                    _____
13                                                  TIMOTHY J BOMMER
                                                    UNITED STATES MAGISTRATE JUDGE

written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  January 31, 2011

_____
TIMOTHY J BOMMER
UNITED STATES MAGISTRATE JUDGE